**George MCCURTIS, Plaintiff–Appellant,**

**Umar Ahmad Siddiq, Plaintiff,**

**v.**

**Robert WOOD; Bruce Wood; Gerald Hofbauer; Richard A. Powell, Defendant–Appellees.**

**No. 03–1146.**

United States Court of Appeals, Sixth Circuit.

Sept. 11, 2003.

George McCurtis, Marquette, MI, pro se.

Before SILER, BATCHELDER, and COOK, Circuit Judges.

### ORDER

■ George McCurtis, a Michigan prisoner proceeding pro se, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

McCurtis filed the complaint against defendants Assistant Deputy Warden Robert Wood, Resident Unit Manager Bruce Wood, Warden Gerald Hofbauer, and Richard A. Powell. He alleges that he requested approval for assistance with legal work from another prisoner and that defendant Robert Wood denied his request in early Spring of 2002. McCurtis contends that Michigan Department of Corrections Policy allows requests for legal assistance to be denied only if either of the prisoners has been found guilty of sexual misconduct, the prisoner providing assistance has been found to have received money or other compensation for providing legal assistance, or approval of the legal agreement would present a serious threat to prison security. McCurtis filed a grievance regarding the denial of his request for legal assistance, which was denied at Step I by defendant Bruce Wood. In addition, McCurtis's grievance was denied at Step II by defendant Hofbauer and at Step III by defendant Powell.

McCurtis claims that the denial of his request for legal assistance has resulted in the deprivation of his right of access to the courts with regard to his ability to challenge his criminal conviction and to present "other civil claims for judicial redress." He seeks monetary and declaratory relief. Umar Ahmad Siddiq was also a plaintiff in this case. However, Siddiq was dismissed from this action on October 29, 2002, for failure to pay the filing fee within the time allotted.

On November 26, 2002, the district court dismissed the complaint, pursuant to 28 U.S.C. § 1915(e), § 1915A, and 42 U.S.C. § 1997e(c), for failure to state a claim upon which relief may be granted. On December 13, 2002, McCurtis filed a motion for reconsideration, which the district court construed as a motion filed pursuant to Fed.R.Civ.P. 60(b) because it was not filed within 10 days after entry of the November 26, 2002, judgment. The district court denied reconsideration in an order filed January 22, 2003. McCurtis filed a notice of appeal on February 4, 2003.

We review de novo a district court's decision to dismiss under 28 U.S.C. § 1915(e), 28 U.S.C. § 1915A, and 42 U.S.C. § 1997e(c). *See McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir.1997). In determining whether a complaint fails to state a claim, this court construes the complaint in the light most favorable to the plaintiff, accepts his factual allegations as true, and determines whether he can prove any set of facts in support of his claims that would entitle him to relief. *See Turker v. Ohio Dep't of Rehab. & Corr.*, 157 F.3d 453, 456 (6th Cir.1998). To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir.1996).

Upon review, we conclude that the district court properly dismissed McCurtis's claim against the defendants. McCurtis's access to the courts claim is without merit. To demonstrate that the defendants' actions have impacted his access to the courts. McCurtis must show that he suffered some actual prejudice in prosecuting litigation. *See Lewis v. Casey*, 518 U.S. 343, 352–53, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). As pointed out by the district court. McCurtis's claim of actual prejudice in this case is entirely conclusory. McCurtis states that he was denied "access to the court to challenge [his] criminal convictions and present other civil claims for judicial redress." He fails to allege the exact nature of his frustrated claims, whether he actually had pending cases which were dismissed, or why he was unable to proceed on these alleged claims without the assistance of another prisoner. Because McCurtis fails to allege any specific facts showing that he suffered prejudice to any pending or contemplated direct appeals, habeas corpus applications, or nonfrivolous civil rights claims, he has not demonstrated actual prejudice as required to set forth a valid claim for the denial of access to the courts.

█ In addition, the district court correctly noted that defendants Bruce Wood, Hofbauer, and Powell cannot be held liable under § 1983 for the alleged misdeeds of their employees, unless they encouraged the subordinates' misconduct. *See Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.1984). A supervisor's awareness of allegations of unconstitutional conduct and failure to act are not a basis for liability. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir.1999).

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.